**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**EASTERN DIVISION**

| | |
|---|---|
| BRUCE BEHRENS, KATHLEEN BEHRENS, DAVID J. SHEFFERT, and SHERRI SHEFFERT,<br><br>Plaintiffs,<br><br>vs.<br><br>US BANK, NA, JPMORGAN CHASE BANK, NA, THE CHICAGO MERCANTILE EXCHANGE, and THE CME GROUP, INC.,<br><br>Defendants. | No. 24-cv-2047-LTS-MAR<br><br>**ORDER** |

## ***I. INTRODUCTION***

Before the Court is Defendants US Bank, NA, JPMorgan Chase Bank, NA, The Chicago Mercantile Exchange, and The CME Group, Inc.'s Joint Motion to Stay Discovery, filed on January 16, 2025. (Doc. 40.) Plaintiffs' deadline to file a resistance was January 30, 2025 and no resistance was filed.

## ***II. BACKGROUND***

Defendants bring this motion to stay discovery until the Court rules on their motions to dismiss. Plaintiffs Bruce Behrens, Kathleen Behrens, David J. Sheffert, and Sherri Sheffert filed a Complaint on September 10, 2024. Defendants' motion states,

> Plaintiffs are suing for investment losses suffered in 2008 and first sued Defendants in the Southern District of New York in 2016. The New York court dismissed their federal claims as time-barred and relinquished

> jurisdiction over their state-law claims. The United States Court of Appeals for the Second Circuit affirmed the district court's rulings. Plaintiffs now assert state-law claims here.
>
> Defendants are each moving to dismiss on multiple grounds. Chicago Mercantile Exchange Inc. ("CME") is a self-regulatory organization and as such is entitled to absolute immunity for all actions it takes in that regulatory capacity. Moreover, the Commodity Exchange Act preempts state-law tort claims against CME based on its exercise of that regulatory responsibility. Its holding company parent, CME Group Inc. ("CMEG"), benefits from the same protections when it is sued only as CME's parent, as it is here. The immunity is liability from suit, so that question should be decided before Plaintiffs are permitted to take discovery. In addition, both CME and CMEG are moving to dismiss for lack of personal jurisdiction, because Plaintiffs do not plead any activities either undertook in Iowa, much less how their (nonexistent) Iowa activities give rise to Plaintiffs' claims.

Doc. 40.

Defendants' brief states:

> Plaintiffs suffered investment losses in 2008 and sought recovery from their investment professionals in 2009. Plaintiffs' claims were rejected. In 2016, Plaintiffs filed suit in the Southern District of New York against Defendants and others, asserting both federal and state-law claims. Though the case was on the district court's docket for more than five years, Plaintiffs made no effort to pursue discovery. Instead, Plaintiffs delayed final resolution of that litigation with various procedural maneuvers, such as amending their complaint in response to Defendants' motions to dismiss and seeking reconsideration of the court's dismissal order, and by repeatedly requesting extended briefing deadlines and extensions of those extended deadlines. The New York court ultimately dismissed the federal claims as time-barred and relinquished its jurisdiction to hear the state-law claims. When Defendants pointed to the New York court's diversity jurisdiction over Plaintiffs' state-law claims, Plaintiffs asked the New York court not to exercise it and instead maintain its dismissal of the state-law claims without prejudice. The New York court agreed solely on the grounds that the basis for jurisdiction had been untimely raised and the Second

> Circuit Court of Appeals affirmed. Plaintiffs now seek to re-assert their state-law claims here.

Doc. 40-1 (citations omitted).

## *III. DISCUSSION*

The Court has broad discretion to stay proceedings when appropriate to control its docket, making optimal use of judicial resources while weighing competing interests. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Sierra Club v. U.S. Army Corps of Engineers*, 446 F.3d 808, 816 (8th Cir. 2006). The Court may grant a stay to "control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it." *Contracting N.W., Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 387 (8th Cir. 1983) (citation omitted).

> In determining whether to stay a case, courts generally consider the following factors:
> 1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
> 2) whether a stay will simplify the issues in question and trial of the case; and
> 3) whether discovery is complete and whether a trial date has been set.

*CRST Expedited, Inc. v. Swift Transp. Co.*, No. 17-CV-25-CJW, 2018 WL 3966961, at *3 (N.D. Iowa Aug. 17, 2018).

Other important factors for the Court to consider are whether a stay will be "the most efficient use of judicial resources" and "whether the Court will be able to benefit from the pending decision." *Flockhart v. Synchrony Bank*, No. 17-CV-4019-MWB, 2017 WL 3276266, at *1 (N.D. Iowa Aug. 1, 2017). In *Flockhart*, the court held that a stay was appropriate because a ruling in a D.C. Circuit Court case on the definition of a term was a threshold issue that would determine the scope of discovery in the case, clarify

the law, and aid the court in deciding the case, thus preserving judicial resources for a time when moving forward would be the most efficient. *Id.* at *3.

"The grant of a stay is a matter of judicial discretion, which is 'dependent upon the circumstances of the particular case,' and '[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion.'" *United Fire & Cas. Co. v. Illinois Constructors Corp.*, No. 16-CV-0055-EJM, 2017 WL 11452040, at *1 (N.D. Iowa Feb. 1, 2017) (alteration in original) (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

I find that factors weight in favor of a stay. There seems to be no tactical advantage to either party that will result from a stay. The resolution of the motions to dismiss will likely simplify issues, narrow discovery, and simplify matters for trial. The requested stay will conserve both judicial resources and the resources of the parties. I find there is sufficient cause to stay the proceedings in this matter.

## *IV. CONCLUSION*

Defendants' Joint Motion to Stay Discovery (Doc. 40) is **granted**. This case is stayed until rule on the pending motions to dismiss. The Court will then set a telephonic scheduling conference, if necessary thereafter.

**IT IS SO ORDERED** this 31st day of January, 2025.

Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa